IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:23CR154 |
| JAMES W. AREHART, | |
| *Defendant.* | |

## STATEMENT OF FACTS

The parties stipulate that the allegations contained in Count Five and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt.

### A. Background

1.  Beginning in or around April of 2018, through at least August of 2021, the defendant, JAMES W. AREHART ("AREHART") was the founder, Chief Executive Officer (CEO), Chief Financial Officer (CFO), and sole board member of a charity named Providing Hope VA ("PHVA"). AREHART incorporated PHVA as a non-profit corporation in the State of South Carolina on or about April 30, 2018.

2.  PHVA's primary mission was raising funds to provide housing and other assistance to homeless or otherwise destitute veterans of the United States Armed Forces, primarily by way of advertising and conducting online raffles for high-end motor vehicles.

3.  AREHART was a resident of the Commonwealth of Virginia and residing in Fredericksburg at the time that he incorporated PHVA. AREHART provided a Fredericksburg address as PHVA's mailing and physical address.

4.      AREHART operated PVHA from that Fredericksburg-area office location from PHVA's inception until in or around early 2020, when AREHART re-located the charity's operations to Loris, South Carolina.

5.      AREHART opened a bank account in the name of PHVA (the "PHVA Bank Account") on or about May 3, 2018, at a Stafford, Virginia branch of Wells Fargo Bank. AREHART described himself in the Business Account Application as the "Key Executive with Control of the Entity," and described the business as a non-profit organization for the homeless.

6.      On or about May 15, 2018, the Internal Revenue Service issued a tax-exempt determination letter classifying PHVA as a "public charity" that is "required to file Form 990/990-EZ/990-N" annually – that is, granting PHVA tax-exempt status as a charitable organization pursuant to Section 501(c)(3) of the Internal Revenue Code. The IRS letter was addressed to PHVA's office location in Fredericksburg.

7.      On or about May 23, 2018, AREHART registered PHVA as a charitable organization with the South Carolina Secretary of State, stating that the purpose of the organization was to "provide food, shelter, and above all HOPE for those less fortunate."

8.      Beginning in or around May of 2018, AREHART created several public-facing, internet-based platforms that AREHART and his associates would subsequently use to communicate information about AREHART's fledgling charity.    A PHVA website (providinghopeva.com) was registered on or about May 5, 2018, and AREHART used his personal Facebook account to create a Facebook account for "Providing Hope VA" on or around June 6, 2018 ("the PHVA Facebook Page").    AREHART would subsequently use the PHVA Facebook Page to advertise, promote, and conduct Providing Hope VA's raffle ticket sales, as well as to communicate with potential and actual raffle ticket purchasers.

2

9.      AREHART also registered an email domain name (@ProvidingHopeVA.com) for the charity, and thereafter utilized multiple email addresses under that domain – to include James@ProvidingHopeVA.com and Info@ProvidingHopeVA.com – to correspond with members of the public on PHVA's behalf.

10.      AREHART described PHVA's mission (via the charity's website and the PVHA Facebook Page) as the following:

> "Our vision is to build The Providing Hope Center (or PHVA Center) where homeless veterans can find shelter, food, counseling and job skills training."

The PHVA website further informed viewers that:

> "We raise funds that are primarily earmarked for our building fund – The Providing Hope Center. All other funds are budgeted to support veterans in financial difficulty, help other veteran focused organizations, and fundraising (prizes, marketing, etc.)."

11.      PHVA's primary fundraising method consisted of advertising raffle tickets for high-end automobiles and cash prizes, typically through the use of advertisements on the PHVA Facebook Page and the PHVA website.  AREHART solicited raffle ticket purchases with the claim that the raffle proceeds (other than necessary advertising and operating expenses) would go to benefit in-need veterans of the United States Armed Forces.

12.      Individuals who decided to purchase raffle tickets from PHVA would do so by selecting a payment link on the PHVA Facebook Page.  Those online purchases would then be processed by a payment processing company (to include PayPal, Square, and Stripe), with the funds eventually deposited into the PHVA Bank Account.  AREHART typically conducted the raffles himself, doing so in live video feeds streamed to the public on the PHVA Facebook Page.

13.      Over the course of PHVA's activities, between November of 2018 and at least December of 2021, more than 72,000 individuals in all 50 states and commonwealths purchased an aggregate total of more than 396,000 raffle tickets from PHVA through the PHVA Facebook

3

Page. PHVA's charitable raffles during that time frame generated more than $9,000,000 in proceeds, the entirety of which flowed into the PHVA Bank Account.

**B. Misrepresentations Regarding Providing Hope VA**

14.     From in or around April 2018, through in or around at least December of 2021, within the Eastern District of Virginia and elsewhere, JAMES W. AREHART, when advertising upcoming raffles, corresponding with potential and current raffle ticket purchasers, and responding to queries from members of the general public, made materially false and fraudulent representations concerning certain aspects of PHVA's operations for the purpose of inducing PHVA raffle ticket purchases from the public.   AREHART typically issued these representations on the PHVA Facebook page.

15.     Those misrepresentations included, but were not limited to, AREHART's repeated assertions to potential and current raffle ticket purchasers that tickets purchased from PHVA for raffle entries were "tax-deductible."   In truth and fact, however, these statements were false because the Internal Revenue Code does not permit tax deduction claims for purchases of games-of-chance tickets (bingos, raffles, etc.), whether from profit or non-profit organizations.

16.     AREHART deliberately circumvented this IRS prohibition, however, by structuring the receipts that PHVA provided to raffle ticket purchasers so that the receipt concealed the true nature of the financial transaction in question.   That is, the PHVA receipts characterized the PHVA patron's purchase of a raffle ticket instead as a charitable "donation," omitting any reference to raffles or the ticket purchaser's raffle ticket number.

17.     AREHART's false statements induced the public to purchase (purportedly tax-deductible) raffle tickets from his organization.   In doing so, AREHART both misled potential raffle ticket purchasers and simultaneously facilitated the submission of fraudulent, purportedly

tax-deductible "donation" receipts (by witting or unwitting PHVA raffle ticket purchasers) to the Internal Revenue Service.

18.     AREHART frequently reassured PHVA raffle ticket purchasers that (contrary to the clear "charitable donation" language on the ticket purchaser's receipt) the purchasers had not simply made a "donation" to PHVA, but had instead successfully purchased entries in the upcoming PHVA luxury car raffle.

19.     Throughout the timeframe described above, and for the aforementioned purpose of obtaining raffle ticket proceeds through the issuance of certain materially false statements, the defendant knowingly caused the delivery of mail matter, and likewise caused to be sent and delivered in interstate and foreign commerce wire communications.

C. Monetary Transaction

20.     On or about the date set forth below, in the Eastern District of Virginia, and within the jurisdiction of this Court, as well as elsewhere, the defendant, JAMES W. AREHART, unlawfully and knowingly engaged and attempted to engage in a monetary transaction (as that term is defined in Title 18 U.S.C. §1957(f)(1)) in criminally derived property of a value greater than $10,000.00, such funds having been derived from a specified unlawful activity (that is, Mail Fraud and Wire Fraud, in violation of Title 18, United States Code, Sections 1341 and 1343):

| Count | Date (on or about) | Transaction |
|-------|--------------------|-------------|
| 5 | 4/13/2020 | A check drawn on the PHVA Bank Account (Wells Fargo account ending in -0376) in the Eastern District of Virginia, in the amount of $25,000 and payable to a South Carolina pool construction company, resulting in the withdrawal of those funds from the PHVA Bank Account and the deposit of those funds into an account maintained at South State Bank by that South Carolina company. |

21.     The actions taken by the defendant, as described above, were taken willfully and

knowingly.   The defendant did not take those actions by accident or mistake.

      22.    The preceding only includes those facts necessary to establish the defendant's guilt as to the offense to which he is entering a guilty plea.   It does not necessarily reference all information known to the government or the defendant about the criminal conduct at issue.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Thomas A. Garnett
Assistant United States Attorney

_____
Kashan K. Pathan
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself and the United States, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

James W. Arehart
Defendant


I am James W. Arehart's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

William J. Dinkin, Esquire
Counsel for Defendant